**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———

**No. 15-6534**

———

DMITRY PRONIN,

        Plaintiff – Appellant,

      v.

LIEUTENANT TROY JOHNSON; OFFICER FLOURNOY; OFFICER
MIDDLEBROOK; OFFICER WILSON; OFFICER CRAWFORD; KENNETH
ATKINSON; DANIEL FALLEN; REX BLOCKER; LOUISA
FUERTES-ROSARIO; SANDRA K. LATHROP; BRANDON BURKETT; JAKE
BURKETT; JOHN BRYANT; PATINA WALTON-GRIER; HENRI WALL;
EDWARD HAMPTON; WILLIAM JOHNSON; LIEUTENANT EDA
OLIVERA-NEGRON, Operations,

        Defendants – Appellees,

      and

SHU STAFF MEMBERS,

        Defendant.

———

Appeal from the United States District Court for the District of
South Carolina, at Orangeburg. David C. Norton, District Judge.
(5:12-cv-03416-DCN)

———

Submitted: August 20, 2015      Decided: October 7, 2015

———

Before MOTZ, FLOYD, and HARRIS, Circuit Judges.

———

Affirmed in part; vacated and remanded in part by unpublished
per curiam opinion.

———

Dmitry Pronin, Appellant Pro Se. Barbara Murcier Bowens, Assistant United States Attorney, Columbia, South Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dmitry Pronin appeals from the district court's order granting summary judgment to Defendants in Pronin's 42 U.S.C. § 1983 (2012) action. We have reviewed the record and Pronin's arguments on appeal, and we agree with the district court's disposition of the vast majority of Pronin's claims. However, for the reasons that follow, we vacate and remand Pronin's claim that he was denied access to courts for further proceedings.

I.

We review de novo a district court's order granting summary judgment, viewing the facts and drawing reasonable inferences therefrom in the light most favorable to the nonmoving party. Bonds v. Leavitt, 629 F.3d 369, 380 (4th Cir. 2011). Summary judgment shall be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A district court should grant summary judgment unless a "reasonable jury could return a verdict for the nonmoving party" on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An otherwise properly supported motion for summary judgment will not be defeated by the existence of some factual dispute; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. Mere conclusory allegations and bare

3

denials are insufficient to support the nonmoving party's case. Erwin v. United States, 591 F.3d 313, 319-20 (4th Cir. 2010). While a party cannot withstand summary judgment by relying solely on his own self-serving allegations unsupported by any corroborating evidence, Williams v. Giant Food Inc., 370 F.3d 423, 433 (4th Cir. 2004), summary judgment should not be made on the basis of conflicting affidavits. See Gray v. Spillman, 925 F.2d 90, 95 (4th Cir. 1991) (not the province of trial court to make credibility determinations in a summary judgment setting).

## II.

Prisoners have a constitutional right to "adequate, effective, and meaningful" access to the courts. Bounds v. Smith, 430 U.S. 817, 822 (1977); see Lewis v. Casey, 518 U.S. 343, 351 (1996). To prevail on a claim that he was denied access to the courts, a prisoner must demonstrate that he suffered an actual injury, such as missing a court-imposed deadline or being unable to file a complaint because of the Defendants' actions. Lewis, 518 U.S. at 351-52.

Pronin's claim of denial of access to courts revolves around the loss of his legal papers, which he alleges resulted from Officer J. Burkett's failure to secure his papers when Pronin was removed from his cell and Officer Troy Johnson's disposal of a portion of the documents. The district court ruled that it was undisputed that J. Burkett did not intend to

4

damage Pronin's documents and that Pronin had failed to show an injury as he was able to file a 28 U.S.C. § 2255 (2012) motion which was still pending.

On appeal, Pronin raises two claims of error regarding the district court's rejection of his claim. First, he asserts that the district court erred in concluding that J. Burkett's affidavit was uncontested. Pronin claims that he provided declarations showing that J. Burkett was retaliating for Pronin's complaints against his brother, Officer B. Burkett. Second, Pronin claims that, while his § 2255 motion is still pending, the loss of his medical records have so hampered his ability to seek relief that he has satisfied his requirement to show an actual injury.

In his objections to the magistrate judge's report and recommendation, Pronin asserted as follows: On September 25, 2012, J. Burkett told Pronin that Burkett was aware that he was complaining about his brother. In October 2012, both brothers filed incident reports against him that were dismissed. On November 11, J. Burkett left Pronin's legal documents with his cellmate, and they were partially destroyed. On November 13, Johnson threw out the remaining documents. These documents were medical records from Russia allegedly showing that Pronin was a vulnerable adult, that he suffered from bipolar disorder and

borderline personality, and that he had been diagnosed with a nervous neck tick and epilepsy.

In direct contradiction, Johnson's declaration states that he did not throw out any of Pronin's paperwork, but that it was instead returned to him. J. Burkett's declaration similarly avers that, when Pronin was moved, his property was secured and given to him. We find that the affidavits are clearly in conflict. Pronin has provided dates and details, and the Defendants dispute the veracity of Pronin's allegations. Accordingly, it was error for the district court to conclude that J. Burkett's declaration was uncontested.

Turning to the injury requirement, the Defendants alleged in their motion for summary judgment that Pronin was able to file his § 2255 motion which is currently pending in the District Court of Delaware. However, the right of access to the courts includes "the opportunity to prepare, serve and file whatever pleadings or other documents are necessary or appropriate in order to commence or *prosecute* court proceedings affecting one's personal liberty, or to assert and sustain a defense therein." Silva v. Di Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011). Prisoners have a right under the First and Fourteenth Amendments to litigate claims challenging their sentences or the conditions of their confinement to conclusion without active interference by prison officials. Id. To show

6

injury, the plaintiff must show that he lost or will lose the opportunity to pursue a "nonfrivolous" and "arguable" claim. Christopher v. Harbury, 536 U.S. 403, 415 (2002).

We have reviewed the filings in Pronin's pending § 2255 motion. In the relevant claims, Pronin avers that he received ineffective assistance of counsel when he asked his attorney to pursue a "neuropsychiatric" evaluation but his attorney refused. He also seeks a downward departure based upon his mental condition. In support, he submitted two neuropsychiatric evaluation reports from 2015 that conclude that he suffers from post traumatic stress disorder and bipolar disorder. (See United States v. Pronin, No. 1:11-cr-00033-LPS-1 (D. Del.) at Docket Nos. 27, 35).

In his sentencing memorandum, Pronin's counsel argued for a variance sentence based upon Pronin's depression, without providing any supporting documentation. The district court rejected this request, and Pronin was sentenced near the high end of his Guidelines range. The Government's sentencing memorandum painted Pronin as a particularly dangerous criminal.

In light of these circumstances, we find that evidence of serious mental illness, including bipolar and borderline disorders, would have supported Pronin's case at sentencing. Pronin need only show a "reasonable probability" that, absent ineffective assistance, his sentence might have been different.

7

See Gray v. Branker, 529 F.3d 220, 236-38 (4th Cir. 2008) (finding that counsel's failure to provide mental health evidence at capital sentencing was ineffective where evidence would have provided a "significant boost" to mitigation evidence and would not have conflicted with mitigation strategy). While Pronin is able to submit mental health evidence from 2015 in his § 2255 proceeding to show that he currently suffers from mental illnesses, the Defendants' alleged destruction of his legal materials prevents him from providing the court with his medical history showing that these illnesses had been diagnosed prior to his criminal activity. This evidence could be helpful in showing that his attorney should have investigated his mental health. Without expressing an opinion as to Pronin's likelihood of success in his § 2255 proceeding, we find that Pronin has raised a material question of fact as to whether he can show a nonfrivolous and arguable question regarding whether such materials would result in a successful § 2255 motion.

The district court did not analyze these issues. The court instead decided that (1) J. Burkett's affidavit of intent was uncontested and (2) Pronin's allegations of injury were vague. We find that both of these conclusions were error and that both the intent and injury issues involved disputed issues of material fact. Accordingly, we vacate the district court's

order and remand for further proceedings consistent with this opinion.

## III.

Pronin contends that the district court erred in rejecting his claim that Doctor Rex Blocker's delay of more than a year before prescribing medication for Pronin's epilepsy was sufficient to show deliberate indifference. Pronin claimed that the delay resulted in a seizure. The district court ruled that delayed prescription of medication does not constitute a constitutional deprivation.

To succeed on his claims of constitutionally inadequate medical care, Pronin was required to show acts or omissions on Blocker's part harmful enough to constitute deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Meeting this high standard requires a showing that Blocker actually knew of and disregarded a substantial risk of serious injury or that he actually knew of and ignored a serious need for medical care. Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001). A prisoner's accusation that the care he is receiving is not adequate to treat his medical needs may support a claim of deliberate indifference. De'lonta v. Johnson, 708 F.3d 520, 526 (4th Cir. 2013) ("[While] a prisoner does not enjoy a constitutional right to the treatment of his or her choice, the treatment a prison

9

facility does provide must nevertheless be adequate to address the prisoner's serious medical need."). Although such claims may, on closer inspection, amount to nothing more than a prisoner's disagreement with his diagnosis or prescribed treatment, prison doctors violate the Eighth Amendment if they decline to provide the level of care they deem medically necessary or fail to adequately address a prisoner's complaints that the care he is receiving is not effective. See Sosebee v. Murphy, 797 F.2d 179, 182 (4th Cir. 1986) (failure to respond to an inmate's known medical needs raises an inference of deliberate indifference to those needs).

We conclude summary judgment was properly granted to Blocker. It is undisputed that, when Pronin arrived at the institution, he was not on any seizure medication, and he gave conflicting accounts as to his seizure history. Pronin submitted no evidence to support his allegations that he suffered and complained of seizure-like activity after his arrival at the institution and prior to his alleged seizure in February 2013, and he presents only conclusory statements and no details regarding his alleged attempts to obtain medical treatment for his seizure symptoms prior to this date. Moreover, his grievances and medical records do not support his allegations, and while he requested seizure medication, there is no evidence that he complained of seizure-like activity prior to

10

the actual seizure. Further, Pronin's assertions that he suffered grave injury from his seizure are not supported by the record. Finally, Pronin does not dispute Blocker's statements that, for a substantial portion of the time Pronin contends he was being deliberately indifferent, Blocker was actually either on medical leave or not the first line of medical treatment for Pronin. Based on the foregoing, we find that Pronin has failed to raise a material issue of fact as to whether Blocker was deliberately indifferent to a serious medical need.

## IV.

Pronin next alleges that Officer Olivera-Negron violated his equal protection rights when, after Pronin had an altercation with his cellmate, Olivera-Negron removed Pronin, who is Jewish, from his cell but allowed his cellmate, who is Hispanic, to remain. Pronin contend that the district court erred in crediting Olivera-Negron's assertions that she was not the one who moved Pronin from his cell in the face of Pronin's affidavit that she questioned his cellmate and not him and then gave the order to move Pronin. Setting aside the issue of the conflicting affidavits, we find that Pronin's claim is insufficient in any event to survive summary judgment.

"To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal

11

treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). Though a valid claim for a violation of equal protection need not allege discrimination as the defendant's sole motive, it must allege the requisite discriminatory intent with more than mere conclusory assertions. Thus, to state valid claims for violation of equal protection and thereby to survive a motion for summary judgment, Pronin must put forward specific, non-conclusory factual allegations that establish improper motive. Williams v. Hansen, 326 F.3d 569, 584 (4th Cir. 2003).

In delving into the minds of prison officials, we may look to circumstantial and direct evidence of intent. Invidious discriminatory purpose may often be inferred from the totality of the circumstances. Courts should look to the direct impact of the challenged official action; the historical background of the decision, which may take into account any history of discrimination by the Defendant; the specific sequence of events leading up to the particular decision being challenged, including any significant departures from normal procedures; and contemporary statements by the decisionmaker. Id. at 584-85.

We find that Pronin has failed to put forth any evidence of discriminatory intent, aside from the bare fact that he is Jewish and his cellmate and the officer are Hispanic. Pronin cites no relevant statements or similar history on the part of

12

Olivera-Negron.  Finally, Pronin has provided no details from which to determine whether he and his cellmate were similarly situated.  Accordingly, the district court correctly ruled that Pronin's claim could not survive summary judgment.

V.

We have reviewed the remainder of Pronin's claims, and we find no reversible error.  Accordingly, we affirm the remainder of the district court's order for the reasons stated by the district court.  Pronin v. Johnson, No. 5:12-cv-03416-DCN (D.S.C. Mar. 31, 2015).  Based on the foregoing reasoning, we vacate the district court's grant of summary judgment on Pronin's denial of access to courts claim and remand for further proceedings consistent with this opinion.  The rest of the district's order is affirmed.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART